IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ABIEL BRATHWAITE, | * | |
| *Plaintiff*, | * | |
| | * | Case No. 1:23-cv-00277-JRR |
| v. | * | |
| ANTHONY GEORGIADES et al., | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's Motion for Leave to File Third Amended Complaint. (ECF No. 50; "the Motion.") The court has read the parties' papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

On February 1, 2023, Plaintiff filed the Complaint against Defendant Officers Anthony Georgiades, David Spalt, and Justin Ambush. (ECF No. 1.) Through a series of corrections and amendments, Plaintiff subsequently filed the Corrected Complaint (ECF No. 5), the Amended Complaint (ECF No. 6), and the Corrected Amended Complaint (ECF No. 7). Ultimately, Plaintiff requested leave to file a second amended complaint, which the court granted. (ECF Nos. 23 24.) Plaintiff's Second Amended Complaint (ECF No. 25) includes eight counts: Violation of 42 U.S.C. § 1983—Fourth and Fourteenth Amendments (Count I); Violation of 42 U.S.C. § 1983—First Amendment (Count II); False Arrest and Imprisonment (Count III); False Light (Count IV); Violation of 42 U.S.C. § 1985—Conspiracy to Interfere with Civil Rights (Count V); Battery (Count VI); Negligence (Count VII); and Civil Conspiracy (Count VIII). (ECF No. 25 at p. 9–15.) On May 3, 2023, Defendants filed a 12(b)(6) motion to dismiss Plaintiff's Second Amended

Complaint.  (ECF No. 30.)  On May 8, 2023, Plaintiff filed an opposition to Defendants' motion. (ECF No. 33.)  Defendants then replied.  (ECF No. 36.)

Plaintiff now seeks leave to file a third amended complaint, which would, *inter alia*, correct an error of law in the second amended complaint, add additional facts in support of Plaintiff's claims, and allege five additional counts.  (ECF No. 50 at p. 2.)

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  FED. R. CIV. P. 15(a)(1).  Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(3).  Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "The Fourth Circuit's policy is 'to liberally allow amendment.'"  *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)).  Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); see *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

Defendants do not contend that the proposed amendments are prejudicial or were made in bad faith; rather, they argue Plaintiff's proposed amendments should be disallowed on grounds of futility.  The Fourth Circuit cautions that leave to amend "should only be denied on the ground of

2

futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Further, "[a] review for futility is not equivalent to an evaluation of the underlying merits of the case." *Next Generation Group, LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Id.* (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911, 1141 (1980)).

The court finds *Lavin v. Safeco Insurance Company of America*, Case No. 22-cv-1788, 2022 WL 17342051 (D. Md. Nov. 30, 2022), instructive in the instant case. There, the court had before it the defendant's partial motion to dismiss and the plaintiff's motion for leave to amend. *Id.* at *1. The defendant argued that the court should deny the motion for leave to amend on the basis that the proposed amendment was futile. *Id.* The *Lavin* court explained:

> As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)). . . .
>
> Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):
>
>> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether

3

> leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.
>
> *Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).
>
> Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See*, *e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).
>
> That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

2022 WL 17342051, at *1–2.

Accordingly, the *Lavin* court noted that, "without prejudicing the merits of [the defendant's] arguments for dismissal of the claim for lack of good faith, the proposed First Amended Complaint is not 'clearly insufficient or frivolous on its face.'" *Id.* at *2. The court

4

further explained that while the procedure was lacking in efficiency, "the cleanest record will be produced by permitting Plaintiff's Second Amended Complaint to be filed, then allowing Safeco to re-file its arguments in favor dismissal, if it so chooses, for this [c]ourt's substantive consideration under Rule 12(b)(6) standard." *Id.*

This case is in the early stages of litigation—no scheduling order has been issued; no discovery has occurred. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (explaining that "[w]hether an amendment is prejudicial will often be determined by the nature of the amendment and its timing"). The proposed amendments survive Rule 15, as the amendments do not prejudice any party, the case is in its nascent stage, the amendments are not clearly insufficient or frivolous on their face (further so when considering the liberal pleading standard applied to pro se litigants), and Plaintiff has not acted in bad faith. Moreover, Defendants' futility and duplication arguments are heavily rooted in the sufficiency and nature of the allegations; therefore, these defenses are better aired and evaluated by way of a 12(b)(6) motion.

For the reasons set forth herein, Plaintiff's Motion for Leave to File Third Amended Compliant (ECF No. 50) shall be, and is hereby, **GRANTED;** and the Motion to Dismiss at ECF No. 30 is **DENIED AS MOOT**. Madam Clerk is directed to docket the Amended Complaint. Defendants shall respond to the Amended Complaint in accordance with the rules.

Madam Clerk is further directed to furnish a copy of this Memorandum Opinion and Order to the parties.

Date: February 28, 2024                           /s/_____
                                                  Julie R. Rubin
                                                  United States District Judge